UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
EXPLORATION II, INC., f/k/a PLAINFIELD                      :
EXPLORATION II, INC.,                                       :
                                                            :
                      Plaintiff,                            :
                                                            :     09 Civ. 319 (GEL)
         -v.-                                               :
                                                            :     **OPINION AND ORDER**
MARTIN BIALLAS, SEE TOURING                                 :
PRODUCTIONS, INC., and SPECIAL                              :
ENTERTAINMENT EVENTS – FAMILY                               :
ENTERTAINMENT, INC.                                         :
                                                            :
                      Defendants.                           :
                                                            :
------------------------------------------------------------x

Brian R. Socolow, Jonathan Neil Strauss, Loeb &
Loeb LLP, New York, NY, for plaintiff.

Ronald Jason Palmieri, Law Offices of Ronald Jason
Palmieri, P.C., Los Angeles, CA, and Richard A.
Greenberg, Newman & Greenberg, New York, NY,
for defendants.

GERARD E. LYNCH, District Judge:

      Plaintiff Exploration II, Inc. brings this action alleging that defendants Martin Biallas, See Touring Productions, Inc. and Special Entertainment Events–Family Entertainment, Inc. breached the terms of a Settlement Agreement between the parties in which several affiliates of plaintiff – which had provided financing to defendant See Touring Productions for the production and operation of a touring exhibition and entertainment experience based on the Star Trek movie and television series – would forgive certain indebtedness and cancel a foreclosure notice in exchange for the transfer, to plaintiff, of ownership of various assets and the right to operate the Star Trek Tour. Defendants, for their part, claim that it is plaintiff and its affiliates

who have breached the Settlement Agreement, and are prosecuting such claims in California state court. Defendants move to dismiss or stay this federal action pursuant to the <u>Colorado River</u> abstention doctrine, or in the alternative to transfer venue to the Central District of California. The motion will be denied.

In <u>Colorado River Water Conservation District v. United States</u>, the Supreme Court recognized an "extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it," 424 U.S. 800, 813 (1976), for cases in which there is a parallel action pending in state court and "exceptional circumstances" (as defined in the opinion) exist. <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 14 (1983). Defendants maintain that the same issue that plaintiff seeks to put before this Court – namely, breach of the Settlement Agreement – is already pending in a California state court case in which, defendants maintain, that issue is part of a larger litigation in which a more comprehensive resolution of the parties' dispute may be had.

Defendants are wrong. As a threshold matter, a finding that a parallel, concurrent case is pending in another jurisdiction is an absolute prerequisite for <u>Colorado River</u> abstention. <u>Dittmer v. County of Suffolk</u>, 146 F.3d 113, 117-18 (2d Cir. 1998). The "parallel" action relied upon by defendants in bringing this motion was a cross-claim filed shortly after plaintiff brought this action in what is indeed a larger action in California. However, the California court promptly dismissed defendants' cross-claim on the ground that it was unrelated to the subject matter of the case before that court, which has been pending for nearly a year and is proceeding toward trial later this year. Thus, by the time plaintiff responded to the instant motion, there was no longer a parallel state court action pending.

In reply, defendants point out at length that the California court did not adjudicate the merits of their claims, but simply made a "limited procedural ruling" that the claims could not be brought via a cross-complaint in the pending matter. (Reply Mem. at 1-3.) That is correct, but misses the point. Plaintiff does not contend that the California court decided defendants' cross-claims on the merits; it merely argues that the California action is not a parallel proceeding, and that the California court, which is most familiar with the nature of the litigation there, has ruled that the issues presented in the instant complaint and in defendants' California cross-complaint are not best or most efficiently addressed in the context of the larger California case.

Defendants also point out, however, that they have now cured that problem by refiling the dismissed cross-complaint as an independent action in California. Assuming arguendo that the new action can be considered a "parallel proceeding" that triggers a Colorado River inquiry, defendants' motion nevertheless must be denied, because the factors relevant to deciding whether abstention is appropriate cut against abstention here.

A district court must weigh six factors in deciding whether a case is one of those exceptional ones in which abstention in favor of a state court is justified:

> (1) the assumption of jurisdiction by either court over any res or property; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law supplies the rule of decision; and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction.

Village of Westfield v. Welch's, 170 F.3d 116, 121 (2d Cir. 1999). Because the presumption favors exercising jurisdiction, "the facial neutrality of a factor is a basis for retaining jurisdiction, not for yielding it." Woodford v. Cmty. Action Agency, 239 F.3d 517, 522 (2d Cir. 2001). Here, the factors are neutral at best.

First, defendants concede that "[n]either Court [h]as [a]ssumed [j]urisdiction of [p]roperty."  (D. Mem. 11.)[1]  The Second Circuit has held that "the absence of a res point[s] toward the existence of federal jurisdiction."  Woodford, 239 F.3d at 522 (alteration in original), quoting Village of Westfield, 170 F.3d at 122.

Second, defendants' allegation that New York is an inconvenient forum must fall on deaf ears, given that the Settlement Agreement that is the basis of plaintiff's action contains a forum selection clause by which defendants consent to venue in New York and expressly waive any objection to venue.  Because "defendants have waived any right to have the court consider the inconvenience to them of litigating here," "to the extent convenience figues into the calculus, therefore, it figures against abstention."  Orix Credit Alliance, Inc. v. Bell Realty, Inc., No. 93 Civ. 4949, 1994 WL 86394, at *3 (S.D.N.Y. Mar. 14, 1994).

Third, the order in which jurisdiction was obtained favors retention of jurisdiction here.  While priority of filing is not an absolute determinant of Colorado River cases, the fact is that the present action was filed before defendants' cross-claims, which were promptly dismissed, and even longer before the defendants' latest action was filed in California.  Although the larger California case to which defendants initially sought to attach this matter to is progressing toward trial, no progress at all has been made in the new California case, and the California court ruled that the original cross-claims were not related to the matters that are nearing trial readiness.  Of

---

[1] In reply, defendants now incongruously assert that because the parties dispute the ownership of certain trailer vehicles located in California, "the California action necessarily involved assuming jurisdiction over property."  (Reply Mem. 4.)  Defendants' first instinct was better: that the controversy may involve disputed property ownership is not the same thing as a court's exercise of jurisdiction over that property.

course, this action too is only getting under way. But even neutrality of this factor, as noted above, favors retention of jurisdiction.

Fourth, defendants' claimed fear of piecemeal litigation is a mirage. As the California court recognized, the issues presented in defendants' dismissed cross-claims were unrelated to the main body of the litigation there and there is no judicial efficiency in litigating the matters together. Although there are several additional parties to the newly-filed state action not present in this action, no one has suggested that any party necessary to adjudicating the issues presented by this case is not present here. To the extent that the California action and this action pose a threat of *duplicative* litigation, the problem is entirely of defendants' own making in bringing the additional California action. See Orix Credit Alliance, 1994 WL 86394, at *4; see also Linens of Europe, Inc. v. Best Mfg., Inc., No. 03 Civ. 9612, 2004 WL 2071689, at *6 (S.D.N.Y. Sept. 16, 2004).

Fifth, the law to be applied in the case, by the express terms of the Settlement Agreement, is New York law. While the existence of state rather than federal issues might marginally support abstention in favor of a parallel state court proceeding in New York, Orix Credit Alliance, 1994 WL 86394, at *4, here, there is no comparative advantage in having New York law applied by a state court *in California*, which is presumably less familiar with New York law than is this Court. In any event, although the presence of federal issues weighs towards retaining federal jurisdiction, "the absence of federal issues does not strongly advise dismissal, unless the state law issues are novel or particularly complex," Village of Westfield, 170 F.3d at 124, which the breach of contract issues presented here are not.

Finally, while there is no doubt that the state court would be a fully adequate forum for the protection of plaintiff's rights, it is only the *inadequacy* of a state forum that matters

5

significantly, in favoring federal jurisdiction, in a Colorado River determination.  "[T]he adequacy of the state forum does not weigh heavily in favor of dismissal pursuant to Colorado River."  Estee Lauder Cos. Inc. v. Batra, 430 F. Supp. 2d 158, 169 (S.D.N.Y. 2006).

Thus, all of the Colorado River factors are either neutral or favor retention of federal jurisdiction.  Accordingly, defendants' motion for abstention must be denied.

The motion for transfer of venue fares no better.  In the Settlement Agreement, defendants consented to jurisdiction and "irrevocably waive[d] any objection" to venue in this forum.  (Ginsberg Decl. Ex. A ¶ 26.)  "Even if such an agreement is not in and of itself determinative of the venue question, it is at a minimum a 'significant factor that figures centrally in the district court's calculus.'"  Ramada Franchise Sys., Inc. v. Cusack Dev., Inc., No. 96 Civ. 8085, 1997 WL 304885, at *2 (S.D.N.Y. June 6, 1997), quoting Elite Parfums, Ltd. v. Rivera, 872 F. Supp. 1269, 1272 (S.D.N.Y. 1995), quoting in turn Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).  Defendants rely heavily on the fact that the forum selected is explicitly non-exclusive.  While this is true, it is also clear that the parties' agreement treats New York as a preferred, not a dispreferred, forum.  In any event, "[t]he non-exclusivity of [plaintiff's] choice of forum does not affect [defendants'] unequivocal consent to jurisdiction and waiver of [objection to] venue in New York."  Ramada Franchise Sys., 1997 WL 304885, at *3.

Defendants attempt to overcome their consent by arguing that it would be more convenient to litigate in California, where, defendants claim, the operative facts occurred and a majority of the key witnesses and relevant documents are located.  Plaintiff denies that a New York forum is less convenient, but even if defendants' assertions in this regard are correct, "[t]hese factors . . . are not sufficient to override the heavy presumption created by [defendants'] consent to personal jurisdiction, the waiver of objection to venue, the application of New York

law, and plaintiff's choice of forum." Ramada Franchise Sys., 1997 WL 304885, at *4. Here, there is no particularly compelling reason to transfer the case, at least in the pre-trial stages, or to overturn plaintiff's preferred forum in favor of defendants'.

Accordingly, the defendants' motion (Doc. #12) to abstain pursuant to Colorado River, or to transfer venue to the Central District of California is denied.

SO ORDERED.

Dated: New York, New York
       April 21, 2009

_____
GERARD E. LYNCH
United States District Judge